IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HARVEY LEE PATTERSON | § | |
| v. | § | CIVIL ACTION NO. 6:07cv326 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Harvey Patterson, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of a failure to release him to mandatory supervision. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Patterson stated that he was being denied mandatory supervision release on his 15-year sentence and his 12-year sentence, that he is being denied earned good time credits, and that he is being unlawfully restrained because his flat time and good time credits have exceeded the maximum term of his sentence. He says that the 15-year sentence "exceeds the subsequent conviction" of the 12-year sentence and so should be considered controlling, and because the 15-year sentence was handed down in 1991, he should not be subject to more recent revisions in the mandatory supervision laws. Patterson said that he is eligible for release on mandatory supervision but that the prison officials have told him that he is not, which denies him due process.

The Magistrate Judge ordered the Respondent to answer Patterson's petition. This says that Patterson is not eligible for release on mandatory supervision. Specifically, the Respondent says, Patterson was convicted in 1991 on a drug charge, receiving a 15-year sentence, and was released to parole in 1992. On March 30, 1999, he returned to custody with new charges, which

resulted in a conviction for possession of a controlled conviction, for which he received a 120year sentence.

In 1996, however, the Legislature changed the mandatory supervision law to provide that inmates could not be released to mandatory supervision if they had *ever* been convicted of various offenses, including aggravated robbery, and Patterson had been convicted of aggravated robbery in 1984. Consequently, the Respondent said, Patterson is ineligible for release on mandatory supervision on his 12-year sentence. The Respondent also argued that Patterson's claims are barred by the statute of limitations.

In his response to the answer, Patterson says that because the 15-year sentence exceeds the 12-year sentence, it is "controlling," and because the "controlling" sentence was handed down prior to 1996, he remains eligible for mandatory supervision. He pointed to a letter from a member of the Parole Board, James Kiel, which says that his mandatory supervision date is February 14, 2004.

On October 31, 2007, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge rejected Patterson's contention that the 15-year sentence is "controlling;" rather, the Magistrate Judge said, Patterson is serving both sentences, and is ineligible for mandatory supervision release on the later one, and so as long as this sentence is in effect, he is ineligible for mandatory supervision release. The Magistrate Judge noted that Patterson is still serving both sentences because of the loss of street time as a result of the revocation of his parole on the earlier sentence, and stated that Kiel's letter cannot override the plain language of the statute. The Magistrate Judge also concluded that Patterson's claims are barred by the statute of limitations, and recommended that the petition be dismissed and that Patterson be denied a certificate of appealability *sua sponte*.

Patterson received a copy of the Magistrate Judge's Report on November 8, 2007, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from

appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has reviewed the pleadings in this case and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Harvey Patterson be and hereby is denied a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 13th day of December, 2007.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**